# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

           **Plaintiff,**

-vs-                                                 **Case No. 6:09-cv-1319-Orl-28GJK**

**LARRY C. JOHNSON,**

           **Defendant.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT LARRY C. JOHNSON (Doc. No. 7)** |
| **FILED:** | November 6, 2008 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

## I.    BACKGROUND

On September 19, 2008, Plaintiff filed a complaint (the "Complaint") against Larry C. Johnson (the "Defendant") to reduce to judgment unpaid federal income tax liabilities for tax years 1993 to 1995 and 1999 to 2003. Doc. No. 1. On various dates set forth in the Complaint, delegate of the Secretary of Treasury assessed income taxes, interest and penalties against Defendant. *Id.* at 1-2. Plaintiff alleges that despite notices of the assessments and demands for payment, Defendant has refused to pay the full amount of the assessments and as of July 30,

2009, a total of $3,081,368.89 is still due and owing, plus fees and interest. *Id.* at ¶ 7. On August 18, 2009, Defendant signed a Waiver of the Service of Summons. Doc. No. 4. Defendant failed to respond to the Complaint, and on November 4, 2008, default was entered against Defendant. Doc. No. 6. On December 16, 2009, Plaintiff filed the present Motion for Default Judgment (the "Motion") pursuant to Rule 55(b), Federal Rules of Civil Procedure. Doc. No. 7. In the Motion, Plaintiff states the following:

> Despite notice of the assessments and demands for payment, [Defendant] has refused to pay the adjusted amount of the assessments. As of December 1, 2009, there remains due a balance of $3,039,856.60 (Dixon Decl. ¶5). In addition, fees, interest, and all statutory additions continue to accrue as provided by law.

Doc. No. 7 at 3. In support of its Motion, Plaintiff filed the declaration of Ellen Dixon ("Ms. Dixon"), a revenue officer for the Internal Revenue Service ("IRS"), Account Transcripts and INTST computer printouts. Doc. Nos. 7-1, 7-2, 7-3. Ms. Dixon states:

> As a Revenue Officer, I am assigned to collect the unpaid federal income tax liabilities of [Defendant] for the 1993 through 1995 and 1999 through 2003 taxable years . . . I have conducted a search of the [IRS] records within my custody and control . . . The Account Transcripts for [Defendant] for tax years 1993 through 1995 and 1999 through 2003 . . . are a summary of those entries of assessments, payments and credits and are maintained in the course of the regularly conduct business activities of the IRS.
>
> . . .
>
> After confirming the assessments described above, I used the command code INTST to compute the unpaid balance of the assessments . . . plus accrued interest through December 1, 2009.
>
> . . .
>
> Taking into account all appropriate credits, payments and abatements, as of December 1, 2009, [Defendant] owes federal income tax liabilities in the amount of $3,039,856.60 for the 1993 through 1995 and 1999 through 2003 tax years. Interest and statutory additions continue to accrue on the unpaid balances pursuant to 26 U.S.C. §§ 6621 and 6622.

2

Doc. No. 7-1 at 1-4. Based on the foregoing, Plaintiff requests an entry of default final judgment. Defendant has failed to respond to the Motion.[1]

## II. LAW

### A. Default Judgment

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

> Rule 55 (b)(2) addresses the entry of default judgment by the court and states:
>
> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. <u>The court may conduct hearings or make referrals</u>–preserving any federal statutory right to a jury trial–<u>when, to enter</u> or effectuate <u>judgment , it needs to</u>:
>     A) conduct an accounting;
>     B) <u>determine the amount of damages</u>;
>     C) establish the truth of any allegation by evidence; or
>     D) investigate any other matter.

---

[1] The Motion was served by Federal Express on the Defendant. Doc. No. 7 at 6.
[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

Fed. R. Civ. P. 55(b)(2) (emphasis added). "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *Directv, Inc. V. Huynh*, 318 F. Supp.2d 1122, 1129 (M.D. Ala. 2004) (*citing Directv, Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)).

B. Tax Liability

"Before a taxpayer is subject to any tax liability, the [IRS] must first determine that a tax deficiency exists." *United States v. Navolio*, No. 6:06-cv-1461-Orl-19GJK, 2008 WL 2413956, at *2 (M.D. Fla. June 11, 2008). "As explained by the United States Supreme Court, 'In essence, a deficiency as defined in the [United States] Code is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return. Where there has been no tax return filed, the deficiency is the amount of tax due.'" *Id.* (quoting *Laing v. United States*, 423 U.S. 161, 173-74 (1976)). If the IRS determines that there is a deficiency, the IRS is authorized to send notice of such deficiency to the taxpayer pursuant to 26 U.S.C. § 6212(a). *Id.* An "assessment" is a procedure in which the IRS "records the liability of the taxpayer in IRS files." *Id.* at *3. "[T]he mailing of a notice of deficiency is a statutory prerequisite to a valid tax assessment." *Id.* at *2 (citing 26 U.S.C. § 6213(a); *Tavano v. Comm'r*, 986 F.2d 1389, 1390 (11th Cir.1993)).[3]

Federal income tax assessments are presumed to be valid. *See United States v. Chila*, 871 F.2d 1015, 1018-19 (11th Cir.1989); *George v. United States*, 819 F.2d 1008, 1013 (11th

---

[3] 26 C.F.R. § 301.6203 states: "The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." *Id.*

Cir.1987) ("The commissioner's determination of a tax deficiency is presumed to be correct."). Unless a taxpayer shows that the IRS computed a tax assessment arbitrarily and without foundation, the IRS's calculation of the assessment is presumptively correct. *United States v. Mathewson*, 839 F.Supp. 858, 860 (S.D.Fla.1993) (citing *Chila*, 871 F.2d at 1018).

## III.  ANALYSIS

By failing to answer the Complaint, Defendant is deemed to have admitted that the taxes, interest, and penalties were assessed against him, that notices of assessment and demands for payment were issued to him, and that he failed to satisfy the assessments. Furthermore, the IRS's calculation of the assessments against Defendant is presumptively correct and Defendant has not challenged that calculation. *Chila*, 871 F.2d at 1018-19.  Plaintiff's allegations are sufficient to establish Defendant's liability to the United States.  Accordingly, after reviewing the Complaint, the Motion, the attached affidavit and account transcripts, it is recommended that Defendant's tax liability be reduced to judgment.

Accordingly, it is RECOMMENDED that:

1. Plaintiff's Motion (Doc. No. 7) be GRANTED;

2. Plaintiff be awarded the total balance of $3,039,856.60 as detailed above;

3. Plaintiff be awarded interest at the applicable quarterly rate set forth in 26 U.S.C. §§ 6621, 6622 from December 1, 2009 through the date of judgment; and

4. Plaintiff be awarded post-judgment interest at the rate allowed by law.

It is further **ORDERED** that the Clerk of the Court shall serve a copy, by certified mail, of this Report and Recommendation on: Larry C. Johnson, 301 South Orange Ave., Deland Florida 32720.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 9, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party by Certified Mail